"This case comes before the court on defendant’s motion for summary judgment. Upon consideration of defendant’s motion, plaintiff’s response thereto, defendant’s reply, and all supporting affidavits and exhibits, the court finds that there are disputed issues of material fact which preclude disposition of this case by summary judgment.
"it is therefore ordered that defendant’s motion for summary judgment is denied, and that this case is remanded to the Trial Judge with instructions as follows:
"(1) The Trial Judge shall hear evidence and determine the validity of the reduction-in-force (RIF), including plaintiffs allegation that this was no bona fide RIF at all but merely a subterfuge by which plaintiffs job was re-advertised as a new position and his contention that this new position was awarded to a personal friend of plaintiffs supervisor.[1] Though defendant alleges that plaintiff failed *1079 to exhaust his administrative remedies, it is clear that plaintiff did, in fact, raise the issue of the validity of the RIF in proceedings before the Appeals Examining Office (AEO). The AEO’s decision was appealed to the Appeals Review Board (ARB) and the ARB found 'no error on the part of the agency in carrying out the reduction-in-force procedures required by applicable regulations’ and sustained the RIF. The ARB has completed its administrative action and has denied plaintiffs request to reopen the matter. The Trial Judge shall report his findings of fact and conclusions of law on the validity of the RIF issue.
"(2) The Trial Judge shall also address the issue whether plaintiff was, in fact, qualified to retreat into the GS-12 position which he claims was arbitrarily and capriciously denied by the ARB’s reversal of the AEO’s decision. The facts on record, including Mr. Edman’s[2] 'advisory opinion’ which was introduced for the first time in proceedings before the ARB (and, thus, not considered by the AEO) (See Rasmussen v. United States, 211 Ct.Cl. 260, 543 F.2d 134 (1976)), are so conclusory in nature as to provide insufficient grounds for us to review at this time. The Trial Judge shall report his findings of fact and conclusions of law on this 'retreat’ issue.
"(3) The Trial Judge shall further hear evidence and report his findings of fact and conclusions of law on such other issues deemed relevant.”
Bennett, Judge, dissents and would grant defendant’s motion for summary judgment.

 These allegations, if proved, could support a conclusion that the personnel action here involved bad faith and was therefore arbitrary and capricious. We note that plaintiffs burden, on the merits, is substantial and that plaintiffs ultimate *1079 likelihood of success is problematic. See Miatech v. United States, 213 Ct. Cl. 688 (1977); Wilmot v. United States, 205 Ct.Cl. 666, 682 (1974). But plaintiff has put the question in issue, has supported his allegations with affidavits, and so at least withstands a motion for summary judgment.

 Mr. Edman was, during the period in question, Acting Chief, Career Service Division, CSC.